## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PHILOMENE CADET,

      Plaintiff,

      v.

HEBREW HOME SINAI, INC.,
a Florida Not For Profit Corporation, Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, HEBREW HOME SINAI, INC. d/b/a SINAI PLAZA NURSING AND REHABILITATION CENTER (hereinafter referred to as "Sinai Plaza" or "Defendant"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby files this statement of the grounds for removing this cause of action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division, together with a copy of all process, pleadings and orders served upon Defendant in the state court case. In support thereof, Defendant states the following:

1.     **State Court Action**

Plaintiff initiated an action that is still pending in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida, styled Philomene Cadet v. Hebrew Homes Sinai, Inc.,and designated Case No. 2021-014227-CA-01. Plaintiff filed that action on June 18th, 2021. See Complaint at **Tab A**.

CASE NO. _____

2.      **Defendants' Receipt of Complaint**

A copy of the Plaintiff's Complaint in this action was received by Defendant via service of process on July 9, 2021.

3.      **Nature of Action**

The Plaintiff's Complaint sounds in four counts, to wit: (1) Age Discrimination in Violation of the Age Discrimination in Employment Act ("ADEA"); (2) Retaliation in Violation of the ADEA; (3) Age Discrimination in Violation of the Florida Civil Rights Act ("FCRA"); and (4) Retaliation in violation of the FCRA.

4.      **Removal of State Court Action**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending. "

Specifically, this action is removable under 28 U.S.C. §1441(a), because the district court would have original jurisdiction under 28 U.S.C. § 1331 (federal question).

5.      **Federal Question**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . " Furthermore, under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Because this Court has original jurisdiction over two (2) of the Counts contained in the Complaint, which appears on the face of the Complaint, this action should be removed to the federal court pursuant to 28 U.S.C. § 1441(a). Ayes v. H & R of Belle Glade, Inc., No. 08-21038-

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO. _____

CIV, 2008 WL 1840714, *4, (S.D.Fla. 2008). "Any civil case filed in state court may be removed

to federal court by the defendant if the case could have been brought originally in federal court."

Deel v. Metromedia Restaurant Services, Inc., 2006 WL 481667, *2 (N.D.Fla. 2006). Because

Plaintiff's Complaint clearly raises a federal question, removal is thus proper.

Further, pursuant to 28 USC § 1367, the United States District Court for the Southern

District of Florida has supplemental jurisdiction over Plaintiff's state law claims under Florida

Statutes § 760.10, as they arise out of the same operative facts, and form the same case or

controversy as Plaintiff's federal claims.

6.    **Venue**

The Miami Dade County Division of the United States District Court for the Southern

District of Florida is the judicial district embracing the place where the state court case was brought

and is pending and is, thus, the proper district court to which this case should be removed. See 28

U.S.C. §§ 89(c), 1441(a) & 1446(a). Moreover, the Miami-Dade County Division is the proper

division within the Southern District of Florida to which the case should be removed since Plaintiff

was employed within Miami Dade County at all relevant times and Plaintiff herself alleges that

"venue is proper in Dade County, Florida, because all of the actions that form the basis of this

Complaint occurred within Dade County and damages exceed $30,000." See, Complaint ¶ 5 at

Tab A.; see also 28 U.S.C. §§ 1441(a), (e) & 1446(a); S.D. Fla. L.R. 3.4(D).

7.    **Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since

"receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting

forth the claim for relief upon which such action or proceeding is based." Specifically, the

3

CASE NO. _____

Complaint was served on Defendant's designated representative in Florida on June 9, 2021. Thus, this removal is timely.

8.      **State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this notice the Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action, including the Complaint.

9.      **Notice to State Court and Plaintiff**

Simultaneously with filing this Notice of Removal, Defendant shall give written notice to all adverse parties and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

WHEREFORE, Defendant, respectfully requests that this Honorable Court exercise jurisdiction over this matter.

Dated: July 29, 2021.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 383-9228
Facsimile (561) 683-8977
Email: stephanie.partlow@csklegal.com

 s/ Stephanie Partlow
STEPHANIE PARTLOW
Florida Bar No.: 30046

COLE, SCOTT & KISSANE, P.A.
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

CASE NO. _____

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of July, 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of Court using the CM/ECF System, which will send notice of electronic filing to: Jason Remer, Esq., Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, Florida 3310  via CM/ECF.


By:  s/ Stephanie Partlow _____
        STEPHANIE PARTLOW
        Florida Bar No.: 30046

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120 - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX