IN THE CIRCUIT COURT OF THE
11 JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

PHILOMENE CADET,

      Plaintiff,                               Case No. _____

v.

HEBREW HOME SINAI, INC,
a Florida Not For Profit Corporation,

      Defendant.

_____/

## COMPLAINT

Plaintiff, PHILOMENE CADET ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, HEBREW HOME SINAI, INC ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief and damages pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA"), to redress injuries resulting from Defendant's unlawful, age-based discriminatory treatment of and retaliation against Plaintiff.

2. This jurisdiction of the Court over this controversy is based upon the FCRA.

3. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

4. Defendant is Foreign Profit Corporation authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

5. Venue is proper in Dade County because all of the actions that form the basis of this Complaint occurred within Dade County and damages exceed $30,000.

6. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination.

7. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff was employed by defendant as a Certified Nursing Assistant working hourly at a pay rate of $13.42 per hour.

9. Plaintiff was hired in November of 1990 and terminated on September 23, 2019.

10. On or about September 20, 2019, Plaintiff received a call from Valerie in HR indicating that her license was expired on 5/31/2019 and instructed to renew the license immediately. Plaintiff renewed the license that same day.

11. Three days later, on or about September 23, 2019, Plaintiff received a call from Tony Ospina and Director Prophete and terminated.

12. Younger nurses and assistants were all given time to renew and allowed to continue working when these situations would occur.

13. Plaintiff complained that the younger employees were treated differently and allowed leeway and that she was only being singled out and treated differently because of her age (69 years).

14. The only reason defendant terminated plaintiff was based on her age and any other reason is a pretext.

15. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations (Charge No. 15C-2020-00011).

16. On or about April 21, 2021, the EEOC issued to Plaintiff a "Dismissal and Notice of Rights." Signed by Maria E. de Paz adopting the findings of the work sharing agency.

17. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.  The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

## COUNT I
### *Age Discrimination in Violation of the ADEA*

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. Plaintiff is a member of a protected class under the ADEA.

20. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

21. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is over the age of forty.

22. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

23. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

24. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

25. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

26. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

27. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

28. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of the ADEA*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

30. Plaintiff is a member of a protected class under the ADEA.

31. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADEA.

32. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

33. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

34. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued

discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

35. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

36. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

g. Adjudge and decree that Defendant has violated the ADEA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

h. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

k. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

l. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III:**</u>
**AGE *DISCRIMINATION IN VIOLATION OF THE FCRA***

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

38. Plaintiff is a member of a protected class under the FCRA.

39. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's Age and subjected the Plaintiff to age -based animosity.

40. Such discrimination was based upon the Plaintiff's age.

41. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin unlawful but acted in reckless disregard of the law.

42. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

43. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

44. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

45. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

46. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

47. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

m. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

n. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

o. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

p. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

q. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

r.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *RETALIATION IN VIOLATION OF THE FCRA*

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this Complaint as if set out in full herein.

49. Defendant is an employer as that term is used under the applicable statutes referenced above.

50. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the FCRA.

51. The foregoing unlawful actions by Defendant were purposeful.

52. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

53. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

54. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

55. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA and in addition, order the following additional relief:

s.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

t.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

u.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

v.  Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

w.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

x.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

y.  For a money judgment representing prejudgment interest;

z.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

aa. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

bb. Grant PLAINTIFF a trial by jury; and

cc. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: June 17, 2021                              Respectfully submitted,

                                           /s/ Jason S. Remer
                                           Jason S. Remer, Esq.
                                           Florida Bar No. 165580
                                           jremer@rgpattorneys.com
                                           Daniel H. Hunt, Esq.
                                           Florida Bar No. 121247
                                           dhunt@rgpattorneys.com
                                           **REMER & GEORGES-PIERRE, PLLC**
                                           44 West Flagler St., Suite 2200
                                           Miami, FL 33130
                                           Telephone:  305-416-5000
                                           Facsimile: 305-416-5005